```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | CRIMINAL NO. 04-10288-RWZ |
| ) | |
| **CARLOS ESPINOLA, ET AL.** ) | |

### GOVERNMENT'S RESPONSE TO JOINT MOTION FOR DISCOVERY

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby files a response to the Joint Motion for Discovery filed on April 13, 2005. The following numbered paragraphs correspond to the specific discovery requests contained in the defendants' Joint Motion for Discovery.

**1.   Bill of Particulars (Fed. R. Crim. P. 7(f))**

The defendants' request for a bill of particulars is baseless.[1]  "The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992).  A bill of

---

[1] The defendants have filed motions to declare as surplusage the portions of the indictment specifying the quantity of oxycodone for which each defendant is responsible.  The government has no objection to the motion and anticipates the Court will allow the motion.  As a result, there is no basis for sub-paragraph 1.L of the defendants' Joint Motion of Discovery inquiring into the basis of those specified amounts.

particulars should be granted only when the indictment is so vague that it does not comply with these purposes. United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment so general that it fails to advise defendant of the specific acts charged).

The test for a bill of particulars is not whether the particulars sought would be "useful" to the defense but whether the information is "necessary." United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D. N.Y. 1987). A bill is not an appropriate way of obtaining information on evidentiary matters and is not designed to permit defendants to preview the evidence or the government's theory of the case. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir.); United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969) (identities of persons present at time of offense); United States v. Remy, 658 F. Supp. 661, 669-70 (S.D.N.Y. 1987) (government not under any duty to detail "precise manner in which crimes alleged in the indictment were committed"); United States v. Finley, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988) (government not required to provide defendant with details of the evidence it intends to introduce or the purposes for which it intends to introduce the evidence).

In this case, the indictment specifically alleges the dates and places of the alleged crimes as well as the nature of the crimes themselves.  It identifies where the crimes took place and the duration of the conspiracy alleged.  In addition, the government has presented detailed evidence against the defendants at the detention hearing, has provided automatic discovery pursuant to Fed. R. Crim. P. 16(a) and Local Rule 116.1(A), and has provided investigative reports, and other additional information that far exceeds what is required.  Because all this has given the defendant even more of the particulars of the alleged offenses, a bill of particulars is not necessary or warranted.   See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (government may obviate need for bill of particulars by disclosing additional details about charges during discovery).

The United States has provided voluminous discovery to the defendants in this case. The United States has provided the defendants with at least sixty DEA Investigative Reports, numerous audio and video recordings, and a large number of laboratory reports.  Additional evidence, to include appropriate grand jury transcripts, will be provided to the defense within the time requirements established by the Local Rules.

**2.   Expert Witnesses / Fed. R. Crim. P. 16(a)(1)(G)**

In response to a discovery letter from Defendant Allen, the United States offered to provide all required discovery

3

pertaining to expert witnesses twenty-one days prior to trial. The defense now requests that the Court order all discovery pertaining to expert witnesses be provided sixty days prior to trial. The United States has reconsidered its previous position, and now offers to provide expert witness discovery thirty days before trial. The defendants' request for sixty days' notice puts an unfair burden on the United States. This is not a factually complicated case requiring extensive expert witness testimony. The United States anticipates it will call one or more chemists from the DEA Laboratory to testify as to the composition and weight of the oxycodone/OxyContin in this case, and perhaps one of the case agents on the case to offer expert testimony on the means and methods of the illegal drug selling business. The defense has failed to show a legitimate need for expert witness discovery sixty days prior to trial.

**3.    Prior Bad Acts / Federal Rule of Evidence 404(b)**

The defendant requests that the Court order the United States to provide evidence of prior bad acts of the defendants it intends to offer into evidence at least sixty days prior to trial. Local Rule 117.1(A)(4)(b) requires the United States to provide bad act evidence to the defense no later than twenty-one days before trial. During a telephone call with Defendant Allen's counsel, the undersigned informed counsel that the United States would fulfil its discovery obligations pursuant to the

Local Rules and provide bad act evidence to the defense twenty-one days prior to trial.

The United States objects to the defendants' motion asking the court to order the United States to provide bad act evidence "at least sixty days prior to trial" - this is almost three times the amount of notice required by the Local Rule.  The defense has failed to demonstrate any compelling reason to support its request.  The defendants know what, if any, bad acts they performed that may be brought up by the government during trial.  Moreover, the defense counsel have the opportunity to review their clients' criminal records.  Nothing the United States may attempt to introduce pursuant to Federal Rule of Evidence 404(b) should come as a surprise to the defense.

**4.    Exculpatory Evidence**

The defendants have asked the Court to order the United States to provide exculpatory evidence pursuant to Local Rule 116.2(b)(2)(a)-(g) at least sixty days prior to trial.  Local Rule 116.2(b)(2)(a)-(g) requires the United States to provide such evidence no later than twenty-one days prior to trial.  The undersigned has previously informed counsel for defendant Allen that the United States would fulfill its discovery obligation pursuant to Local Rule 116.2(b)(2)(a)-(g) and provide the required exculpatory evidence no later than twenty-one days prior to trial.  The United States submits that there is a presumption

that the times specified for discovery compliance in the Local Rules are reasonable. The defendants have failed to state any grounds as to why this case requires early discovery of the evidence covered by Local Rule 116.2(b)(2)(a)-(g).

**5.   Witness List**

During a telephone conference with Defendant Allen's counsel, the undersigned informed counsel that the United States would provide a witness list to counsel seven days prior to trial. The United States has reconsidered and is now willing to provide a preliminary witness list to the defense twenty-one days prior to trial. The United States reserves the right to amend its witness list until the day of trial.

**6.   Reports**

The United States has previously provided the defense with at least sixty DEA Investigative Reports, as well as numerous audio tapes, video tapes, and DEA Laboratory Reports. The United States has and will continue to fulfill its discovery obligations pertaining to reports. The United States is aware of its discovery obligations contained in Fed. R. Crim. P. 16(a)(1)(E), as well as its obligations contained in the Local Rules. Materials covered under the Jencks Act are not required to be provided until after a witness testifies. The United States has previously provided most, if not all, Jencks Act materials, and will provide any remaining Jencks Act materials fourteen days

prior to trial.  The defendants have failed to state a legitimate reason why early discovery is warranted in this case.

**7.   Custodial Admissions of Co-Defendants**

The defendants have asked the Court to order the United States to turn over custodial admissions of co-defendants the United States intends to call as witnesses at least sixty days prior to trial.  The undersigned does not anticipate he will know sixty days prior to trial which, if any, co-defendants will be called upon to testify.  The United States has offered to turn over such statements ten days prior to trial.  Upon further consideration of the issue, the United States is willing to provide all written reports of such statements fourteen days prior to trial.

**8.   Video and Audio Recordings**

The United States has provided the defendants with access to all audio and video tapes known to the undersigned.  The defendants should be on notice that the United States may use any or all of the recordings at trial.  The undersigned has offered to provide the defendants notice of which tapes it intends to use ten days prior to trial. The government reserves the right to amend its notice through trial, as issues may arise at trial requiring recourse to recordings not previously thought relevant or necessary.  The United States submits that the defendant is entitled only to know which tapes the United States might use at

trial.  The United States has generously offered to give ten days notice of which recordings it anticipates using at trial.  Nothing more can reasonably be expected of the United States.

**9.    Co-Conspirator Statements**

The defense has been provided all reports and recordings of co-conspirator statements made in furtherance of the conspiracy known to the undersigned.  The undersigned will provide any additional co-conspirator statements made in furtherance of the conspiracy no later than thirty days prior to trial, unless the undersigned becomes aware of such statements within thirty days of trial.  In that case, the undersigned will provide the defense with such statements within a reasonable period of time.

**10.   Conclusion**

The United States respectfully requests that this Honorable Court adopt the reasonable time table recommended by the United States with regard to discovery.  The defendants' motion for a bill of particulars is baseless and should be denied.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                 By: */s/ David G. Tobin*
                      DAVID G. TOBIN
                      Assistant U.S. Attorney

May 3, 2005