

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

4/18/06

April 14, 2006

Elliot M. Weinstein, Esquire
83 Atlantic Avenue
Boston, MA 02110

    Re:   United States v. Joseph Baldassano
           Criminal No. 04-10288-RWZ

Dear Mr. Weinstein:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joseph Baldassano ("Baldassano"), in the above-captioned case. The Agreement is as follows:

    1.   Change of Plea

    At the earliest practicable date, Baldassano shall plead guilty to the following counts in which he is named in the above-captioned Indictment:

| | |
|---|---|
| Count One: | Conspiracy To Distribute, And To Possess With Intent To Distribute, Oxycodone, in violation of 21 U.S.C. § 846; |
| Count Five: | Distribution Of Oxycodone, in violation of 21 U.S.C. § 841(a)(1); |
| Count Six: | Distribution Of Oxycodone, in violation of 21 U.S.C. § 841(a)(1); |
| Count 16: | Distribution Of Oxycodone, in violation of 21 U.S.C. § 841(a)(1); and |
| Count 17: | Distribution Of Oxycodone, in violation of 21 U.S.C. § 841(a)(1). |

Baldassano expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1, 5, 6, 16, and 17 of the Indictment, and is in fact guilty of those offenses.

2.   Penalties

Baldassano faces the following maximum penalties:

30 years' imprisonment, to be followed by a term of supervised release of at least six years up to life, a $2,000,000 fine, and a special assessment of $100, as to each of Counts 1, 5, 6, 16, and 17.

3.   Sentencing Guidelines

The sentence to be imposed upon Baldassano is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The government will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a)   The parties agree to take the position that Baldassano is responsible for at least 1,000 80- milligram OxyContin (oxycodone) pills and that his Base Offense Level ("BOL") is at least 28 under the equivalency table set forth in U.S.S.G. § 2D1.1.  The U.S. Attorney reserves the right to argue at sentencing that Baldassano is responsible for a greater amount of OxyContin (oxycodone) pills and that his BOL is higher than 28.

Based on Baldassano's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Baldassano's AOL under U.S.S.G. § 3E1.1.

2

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Baldassano:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Baldassano is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Baldassano is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Baldassano has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Baldassano expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Baldassano expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Baldassano obstructs justice after date of this Agreement.

The U.S. Attorney and Baldassano are unaware at this time of any basis for a departure from the sentencing range established by the United States Sentencing Guidelines except as set forth below and in ¶ 6. In the event that either the U.S. Attorney or Baldassano subsequently learns that there is another basis for moving for departure, that person will file a motion for departure with any supporting memorandum not less than fourteen days before sentencing. Any basis with respect to which a motion for departure, and any supporting memorandum, has not been filed at least fourteen days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should Baldassano's prior state conviction have been vacated or Baldassano's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if the state-court conviction that existed at the time of Baldassano's indictment is vacated and that vacation alters Baldassano's Criminal History Category.

4. <u>Sentence Recommendation</u>

In the event that the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) A term of incarceration within the applicable Guideline Sentencing Range;

    (b) A fine within the applicable fine range unless the Court finds that Baldassano is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c) A term of supervised release of six years; and

    (d) A mandatory special assessment of $500.

Baldassano agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than fourteen days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Baldassano's sentence, the U.S. Attorney reserves his right to argue the correctness of Baldassano's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Baldassano agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Baldassano establishes to the satisfaction of the Court that Baldassano is financially unable to do so.

6. Cooperation

   a. Terms of Cooperation

Baldassano agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Baldassano must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Baldassano understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Baldassano hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Baldassano or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Baldassano waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Baldassano's cooperation is complete. Baldassano understands that the date of Baldassano's sentencing is within the sole discretion of the Court and that this Agreement may require Baldassano's cooperation to continue even after Baldassano has been sentenced.

Baldassano's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Baldassano.

    b.    <u>Substantial Assistance Motion</u>

In the event that Baldassano provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1 so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Baldassano has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Baldassano violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6(a) above, or engages in any criminal conduct after the date he signs this Agreement. Baldassano may not withdraw his plea if the U.S. Attorney determines that Baldassano has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

    c.    <u>Sentence Recommendation with Substantial Assistance</u>

If Baldassano provides substantial assistance, subject to all the provisions of paragraphs 6(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Baldassano.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Baldassano's sentencing.

    d.    <u>Letter Immunity</u>

In return for Baldassano's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Baldassano pursuant to this Agreement or pursuant to the proffer letter dated August 31, 2004 (or any information directly or indirectly derived therefrom) against Baldassano in any criminal case except in a prosecution (1) for perjury or obstruction of

justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Baldassano pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Baldassano or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Baldassano has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Baldassano for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

7.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Baldassano faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Baldassano's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Baldassano may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Baldassano withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  **Rejection of Plea By Court**

Should Baldassano's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Baldassano, this Agreement shall be null and void at the option of the U.S. Attorney.

9.  **Breach of Agreement**

If the U.S. Attorney determines that Baldassano has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Baldassano, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Baldassano recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Baldassano understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Baldassano before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated August 31, 2004 without any limitation. In this regard, Baldassano hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. **Forfeiture**

Baldassano will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: cash in the amount of $45,440. Baldassano admits that these assets are subject to forfeiture on the grounds that on the grounds that they constitute, or are derived from, proceeds of Baldassano's unlawful drug activity

and/or property used, or intended to be used, to commit the crimes charged in Counts 1, 5, 6, 16, and 17 of the indictment. Baldassano therefore consents to the forfeiture of all of Baldassano's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Baldassano agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Baldassano shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service, and the U.S. Drug Enforcement Administration to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

Baldassano hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Baldassano cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Baldassano up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Baldassano shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Baldassano currently has any legal or beneficial interest, and all assets over which Baldassano has exercised control, or has had any legal or beneficial interest, at any time from October 1, 2003 to the present. At the request of the U.S.

Attorney, Baldassano further agrees to be deposed with respect to his assets.

Forfeiture of substitute assets shall not be deemed an alteration of Baldassano's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Baldassano, nor shall the forfeitures be used to offset Baldassano's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Baldassano hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated August 31, 2004. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated August 31, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Baldassano, please have Baldassano sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney David G. Tobin

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

*[signature]*
DAVID G. TOBIN
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JOSEPH BALDASSANO
Defendant

Date: 4/18/06

I certify that Joseph Baldassano has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Elliot M. Weinstein, Esquire
Attorney for Joseph Baldassano

Date: 4/18/06