```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )    Criminal No. 04-10288-RWZ
                             )
JOSEPH BALDASSANO, et al.,   )
          Defendant.         )
```

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853.  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.  On or about September 22, 2004, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging Defendant Joseph Baldassano ("Baldassano" or, the "Defendant"), and others with the following violations:  Conspiracy to Possess with Intent to Distribute, and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six, Sixteen and Seventeen)[1].

---

[1] Joseph Baldassano was not was not named in Counts Two through Four, or Seven through Fifteen of the Indictment.

2.   The Indictment also sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Seventeen of the Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.

3.   The Indictment further provided that, if the property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p).

4.   On April 18, 2006, the Defendant pleaded guilty to Counts One, Five, Six, Sixteen and Seventeen of the Indictment, pursuant to a written plea agreement he signed on April 18, 2006.

5.   In the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853, including without limitation cash in the amount of

$45,440.  The Defendant admitted in the plea agreement that cash in the amount of $45,440 was subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of his unlawful drug activity, and/or that it was used, or intended to be used, to commit the drug trafficking crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment.

6.   The United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's unlawful drug activity, or that were used, or intended to be used, to commit the drug trafficking crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment.

7.   Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $45,400 in United States currency.

8.   The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace.  See, e.g., United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999)(criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); United States v.

Conner, 752 F.2d 566, 576 (11th Cir. 1985)(criminal forfeiture follows defendant because it is in personam; money judgment against defendant for amount of money that came into his hands illegally is appropriate, government is not required to trace money to specific asset); United States v. Ginsburg, 773 F.2d 798, 801-02 (7th Cir. 1985)(en banc)(criminal forfeiture is personal judgment that requires defendant to pay total amount derived from criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); United States v. Amend, 791 F.2d 1120, 1127 (4th Cir. 1986)(same); United States v. Robilotto, 828 F.2d 940, 949 (2d Cir. 1987) (following Conner and Ginsburg; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds).

    9.   Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.  See Candelaria-Silva, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); United States

v. Baker, 227 F.3d 955 (7th Cir. 2000) (same).

WHEREFORE, by virtue of the Defendant's guilty plea and admissions in the plea agreement, a money judgment should be entered against the Defendant. Accordingly, the United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
DAVID G. TOBIN
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: June 29, 2006

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion of the United States for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: June 29, 2006