UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>)<br>       v. )<br>)<br>JOSEPH BALDASSANO, et al., )<br>       Defendants. ) | Criminal No. 04-10288-RWZ |

### ORDER OF FORFEITURE

**ZOBEL, D.J.**

WHEREAS, on or about September 22, 2004, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging Defendant Joseph Baldassano ("Baldassano" or, the "Defendant"), and others with the following violations: Conspiracy to Possess with Intent to Distribute, and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); and Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six, Sixteen and Seventeen);[1]

WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Seventeen of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such

---

[1] Joseph Baldassano was not was not named in Counts Two through Four, or Seven through Fifteen of the Indictment.

violations, pursuant to 21 U.S.C. § 853;

WHEREAS, the Indictment further provided that, if the property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on April 18, 2006, the Defendant pleaded guilty to Counts One, Five, Six, Sixteen and Seventeen of the Indictment, pursuant to a written plea agreement he signed on April 18, 2006.

WHEREAS, in section ten of the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853, including without limitation cash in the amount of $45,440.00;

WHEREAS, the Defendant admits the $45,440.00 is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of the Defendant's unlawful drug activity, and/or that the currency was used, or intended to be used, to commit the drug trafficking crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against Defendant Joseph Baldassino, in the amount of $45,440.00 in United States currency;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment,"

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Joseph Baldassano shall forfeit to the United States the sum of $45,440.00 in United States currency, pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

Dated: June 30, 2006

RYA W. ZOBEL
United States District Judge

3