UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br><br>JOSEPH BALDASSANO, et al.,<br>      Defendant. | Criminal No. 04-10288-RWZ |

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Tile 21, United States Code, Section 853. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United states sets forth the following:

    1.  On September 22, 2004, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging Defendant Joseph Baldassano ("Baldassano" or, the "Defendant"), and others with the following violations: Conspiracy to Possess with Intent to Distribute, and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six, Sixteen and Seventeen)[1].

---

[1] Joseph Baldassano was not was not named in Counts Two through Four, or Seven through Fifteen of the Indictment.

2. The Indictment also included a forfeiture allegation, which sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Seventeen of the Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.

3. The Indictment further provided that, if the property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p).

4. On April 18, 2006, at a hearing pursuant to Rule 11, the Defendant pleaded guilty to Counts One, Five, Six, Sixteen and Seventeen of the Indictment. Pursuant to a written plea agreement the Defendant signed on April 18, 2006, the Defendant agreed to forfeit any and all of his assets subject to forfeiture

pursuant to 21 U.S.C. § 853, including without limitation cash in the amount of $45,400. The Defendant admitted in the plea agreement that cash in the amount of $45,400 was subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of the Defendant's unlawful drug activity, and/or that it was used, or intended to be used, to commit the crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment.

5. Because of the acts or omissions of the Defendant, the specific assets that constituted, or were derived from, proceeds of the Defendant's unlawful drug activity, and/or that were used, or intended to be used, to commit the crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment are no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p).

6. Accordingly, on June 30, 2006, this Court endorsed the an Order of Forfeiture, entering a money judgment against the Defendant in the amount of $45,440.00 in United States currency. See Order of Forfeiture, Docket Number 399.

7. On June 29, 2004, agents with the Drug Enforcement Administration seized $7,961.00 in United States Currency (the "Currency") from the Defendant in Gloucester, Massachusetts.

8. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is

now entitled to a preliminary order of forfeiture, forfeiting the Defendant's interest in the Currency. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999); United States v. Saccoccia, 433 F.3d 19 (1st Cir. 2005).

9.  Pursuant to 21 U.S.C. § 853, the United States Marshal Service shall take all appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Currency, giving notice as required by law.

WHEREFORE, the United States requests that this Court enter the Preliminary Order of Forfeiture in the form submitted herewith.

>Respectfully submitted,
>MICHAEL J. SULLIVAN
>United States Attorney,
>
>/s/Kristina E. Barclay
>DAVID TOBIN
>KRISTINA E. BARCLAY
>Assistant U.S. Attorneys
>United States Courthouse
>Suite 9200
>1 Courthouse Way
>Boston, MA 02210
>(617) 748-3100

Date: August 18, 2006

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Motion for Preliminary Order of Forfeiture and the proposed Preliminary Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

|  |  |
|---|---|
|  | /s/ Kristina E. Barclay |
|  | Kristina E. Barclay |
| Dated: August 18, 2006 | Assistant U.S. Attorney |