Case 1:04-cr-10288-RWZ     Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>                       )<br>       v.                  )<br>                       )<br>JOSEPH BALDASSANO, et al., )<br>        Defendant. ) | Criminal No. 04-10288-RWZ |

**PRELIMINARY ORDER OF FORFEITURE**

**ZOBEL, D.J.**

WHEREAS, on September 22, 2004, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging Defendant Joseph Baldassano ("Baldassano" or, the "Defendant"), and others with the following violations: Conspiracy to Possess with Intent to Distribute, and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six, Sixteen and Seventeen)[1];

WHEREAS, the Indictment also sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Seventeen of the Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of,

---

[1] Joseph Baldassano was not was not named in Counts Two through Four, or Seven through Fifteen of the Indictment.

any such violations, pursuant to 21 U.S.C. § 853;

WHEREAS, the Indictment further provided that, if the property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on April 18, 2006, at a hearing pursuant to Rule 11, the Defendant pleaded guilty to Counts One, Five, Six, Sixteen and Seventeen of the Indictment and, pursuant to a written plea agreement agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853, including without limitation cash in the amount of $45,400;

WHEREAS, on June 30, 2006, this Court endorsed an Order of Forfeiture in the form of a money judgment in the amount of $45,440.00 in United States currency, because the specific assets that constituted, or were derived from, proceeds of the Defendant's unlawful drug activity, and/or that were used, or intended to be used, to commit the crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment were no longer

available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p); and

WHEREAS, on June 29, 2004, agents with the Drug Enforcement Administration seized $7,961.00 in United States Currency (the "Currency") from the Defendant in Gloucester, Massachusetts;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for Issuance of a Preliminary Order of Forfeiture is granted.

2. Pursuant to 21 U.S.C. § 853(p), all right, title and interest of Defendant Joseph Baldassano in the Currency is hereby forfeited to the United States of America for disposition according to law.

3. The United States Marshals Service shall seize the Currency and hold it in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshal Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of

the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

   5.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

   DONE AND ORDERED in Boston, Massachusetts, this 21st day of August, 2006.

                                         _____
                                         RYA W. ZOBEL
                                         United States District Judge

Dated: _____