```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                         )<br>     v.                  )   Criminal No. 04-10288-RWZ<br>                         )<br>JOSEPH BALDASSANO, et al. )<br>         Defendants.     ) | |

### PARTIAL FINAL ORDER OF FORFEITURE

**ZOBEL, D.J.**

WHEREAS, on September 22, 2004, a federal grand jury sitting in the District of Massachusetts returned a seventeen-count Indictment charging Defendant Joseph Baldassano (the "Defendant") and others with the following violations:  Conspiracy to Possess with Intent to Distribute, and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); and Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six, Sixteen and Seventeen)[1];

WHEREAS, the Indictment also sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Seventeen of the Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853;

---

[1] Joseph Baldassano was not was not named in Counts Two through Four, or Seven through Fifteen of the Indictment.

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of such property;

WHEREAS, on April 18, 2006, the Defendant plead guilty to Counts One, Five, Six, Sixteen and Seventeen of the Indictment, pursuant to a written plea agreement he signed on April 18, 2006;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853, including without limitation cash in the amount of $45,440, which the Defendant admitted was subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of his unlawful drug activity, and/or that it was used, or intended to be used, to commit the drug trafficking crimes charged in Counts One, Five, Six, Sixteen and Seventeen of the Indictment;

WHEREAS, on June 30, 2006, the Court endorsed an Order of

Forfeiture, ordering a money judgment against the Defendant in the amount of $45,440 in United States currency;

WHEREAS, on August 21, 2006, the Court issued a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in $7,961.00 in United States currency seized from the Defendant on June 29, 2004 (the "Currency");

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston Herald on September 5, 2006, September 12, 2006, and September 19, 2006;

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on October 19, 2006.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title, or interest in the Currency, and the Currency is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461 (c).

3. Any parties having any right, title or interest in the

Currency are hereby held in default.

    4.   The United States is hereby authorized to dispose of the Currency in accordance with applicable law.

                                                  Rya W. Zobel
                                                  United States District Judge

Date: November 13, 2006